## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| SABRINA L. JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-4011 |
| MICHAEL W. DICKENS, an individual, | ) |
| and DART TRANSIT COMPANY, | ) |
| a Minnesota Corporation, | ) |
| Defendants. | ) |

### ORDER

Before the Court is Plaintiff Sabrina L. Jones' ("Jones") Motion to Remand. Pursuant to 28 U.S.C. § 1446, Jones asks this Court to remand this case back to the Circuit Court of Henry County, Illinois. For the reasons that follow, Jones' Motion to Remand [#3] is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

Defendant Dart Transit Company ("Dart") filed a Notice of Removal in this Court on March 2, 2006. Jones then timely filed the instant Motion to Remand on March 27, 2006. Jones argues that this case should be remanded to state court because (1) Dart failed to join Defendant Michael Dickens in its Notice of Removal; and (2) there is a lack of complete diversity among the parties sufficient to authorize federal jurisdiction pursuant to 28 U.S.C. § 1332. Dart is a Minnesota corporation with its principle place of business in a state other than Illinois. Jones argues that since this case was filed, Jones and Dickens have at all times been residents of the

State of Illinois and therefore diversity is lacking between the parties. Jones also seeks the costs and fees associated with the filing of the instant motion.

In response, Dart asserts that, at the time that it filed its Notice of Removal, it was under the belief that Dickens was a resident of Florida and Plaintiff Jones was a resident of Pennsylvania. Dart states that it conducted a search of public records to confirm its belief regarding the residence of Dickens and Jones prior to filing its Notice. Based on the results of these searches, Dart asserts that it had a good faith basis for seeking removal. Moreover, Dart concedes that if Jones' allegations are true, complete diversity does not exist and the case should be remanded to state court. Additionally, Dart argues that the filing of the notice of removal was based on an objectively reasonable belief that complete diversity existed between the parties at the time of the commencement of this action and therefore, Jones' request for attorney's fees and costs should be denied.

## DISCUSSION

As the parties concede that this case should be remanded to state court because there is no basis for subject matter jurisdiction, the only issue remaining for this Court is whether Jones is entitled to fees and costs associated with filing the instant motion. Title 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Section 1447(c) is a fee-shifting statute that entitles the district court to make the prevailing party whole. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Here, Dart argues that Jones' request for fees and costs should be denied because Dart had an objectively reasonable basis for seeking removal. However, the Seventh Circuit has found that an award of fees and costs pursuant to Section 1447 does not require that the removing party have acted in

bad faith in seeking removal. *See id.* "Defendants should recognize that 28 U.S.C. § 1447(c) makes an award of attorneys' fees the norm for improper removal." *Schorsch v. Hewlett-Packard, Inc.,* 417 F.3d 748, 751 (7th Cir. 2005).

In a case such as this, where the Defendant apparently sought removal based on their good faith belief that complete diversity existed between the parties, the Court may have been reluctant to award attorney's fees for a simple Motion to Remand. However, in addition to being mistaken about the citizenship of each of the parties, Dart failed to obtain the consent of Dickens prior to removal. Generally, a notice of removal is defective if it is not joined by all defendants or fails to explain why all defendants have not consented. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993). In this case, if Dart had contacted Dickens to obtain consent for the removal, Dart probably would have discovered that Dickens was a citizen of Illinois and that complete diversity was lacking between the parties. Accordingly, to make Jones whole and put her in the position that she would have been in but for Dart's improper removal, the Court finds that, pursuant to 28 U.S.C. § 1447(c), Jones is entitled to just costs and actual fees associated with filing this Motion for Remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [#3] is GRANTED IN PART and DENIED IN PART. Plaintiff is required to submit an appropriately documented fee petition and bill of costs within twenty-one days of the date of this Order.

ENTERED this 18th day of April, 2006.

                                                    s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                    United States District Judge